DONALD M. HEDGEBETH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Hedgebeth v. Commissioner
Docket No. 5581-84.
United States Tax Court
T.C. Memo 1985-525; 1985 Tax Ct. Memo LEXIS 109; 50 T.C.M. (CCH) 1275; T.C.M. (RIA) 85525; October 7, 1985. Donald M. Hedgebeth, pro se. John C. McDougal, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiency and addition to tax in petitioner's 1982 Federal income tax: Additions to tax
Deficiency
Sec. 6653(a)(1) [1]
6653(a)(2)
6661(a)
$8,204
$410.20 *
$820.40
*110 The issues for decision are (1) whether petitioner, a wage-earner, is entitled to deduct an amount equivalent to his total wage income as "cost of goods sold" for 1982 on the theory that compensation for labor is not taxable under the Sixteenth Amendment; (2) whether petitioner is entitled to an itemized deduction of $1,130.77 for interest in 1982; (3) whether petitioner is entitled to claim his mother as a dependent for 1982; (4) whether petitioner is liable for the above-stated additions to tax; and (5) whether the Court should impose damages against petitioner under section 6673 for instituting or maintaining this proceeding primarily for delay, or for maintaining a frivolous or groundless position. FINDINGS OF FACT None of the facts have been stipulated. Petitioner resided in Hampton, Virginia, when he filed his petition in this case. He timely filed a Federal income tax return on which he listed his filing status as "married filing separately." Petitioner was employed as a sheet metal worker by the Newport News Shipbuilding and Drydock Co. during the year at issue. He was paid wages from his employer in the amount of $29,029.69, and he received a payment of $482.10 *111 designated as "sick pay" from the Aetna Life Insurance Company. On his 1982 Federal income tax return, petitioner reported that he had received $29,511.79 as wages, and deducted an equivalent amount as "cost of goods sold." He therefore reported that he was not liable for Federal income tax, and that a refund of the amount withheld from his wages was due. Petitioner claimed only one exemption on his Form 1040. Petitioner's motion lived with petitioner, his wife, and daughter during 1982. The petition in this case was filed on March 5, 1984. Respondent warned petitioner before trial that in cases similar to his, this Court had awarded damages to the Government pursuant to section 6673. OPINION At trial, the Court granted respondent's motion for partial summary judgment on the question whether compensation for labor is properly subject to taxation. See also Rowlee v. Commissioner,80 T.C. 1111 (1983). Petitioner's contention that he is entitled to a deduction in the amount of $1,130.77 for interest paid need not be addressed because the amount claimed is lower than the zero bracket amount. At trial, petitioner alluded to other deductions to which he claimed *112 entitlement. These allegations were not presented in the petition or in any subsequent pleading, however, and petitioner presented no evidence at trial with which to substantiate his claims. Rule 142(a). In any event, petitioner failed to elect to itemize when he filed his return, and has not obtained his spouse's consent to a change of treatment. He therefore is not entitled to a deduction in excess of the zero bracket amount. Sections 63(g)(1); 63(g)(4); 63(g)(5)(A) and (B). The issues remaining for decision, therefore, are whether petitioner is entitled to claim his mother as a dependent, whether petitioner is liable for the additions to tax for negligence and substantial understatement of tax (sections 6653(a)(1); 6653(a)(2); 6661(a)), and whether the Court should impose damages under section 6673. Petitioner bears the burden of proof with respect to the dependency issue as well as the additions to tax. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). We initially presume that respondent's determinations are correct, and require petitioners to prove otherwise by a preponderance of the evidence. Welch v. Helvering,supra. *113 Petitioner has not met his burden of proof in the instant case. Petitioner's testimony regarding expenditures for his mother's support was vague and uncorroborated. When asked to testify about the weekly amount spent for certain groceries, petitioner stated "I think she [petitioner's wife] told me that she spends about $40 a week." Petitioner made no attempt to support his vague and hesitant estimates with testimony from his wife or mother. He testified that he paid by check for large purchases of beef yet apparently had made no attempt to locate the cancelled check for use as evidence in this proceeding. Indeed, he was not even certain whether he had paid by check or with cash. In response to respondent's interrogatories, he came up with far greater, although also uncorroborated, estimates. Petitioner's casual and flexible estimates do not constitute evidence sufficient to meet his burden of proof. At trial, petitioner apparently conceded that he is liable for the additions to tax for negligence and substantial understatement of income tax. In any event, he presented no evidence with which to meet his burden of proof, and we accordingly sustain respondent's determination. *114 In this regard as to section 6653(a)(2) the underpayment attributable to negligence is $8,204. Respondent urges that we impose damages under section 6673 because petitioner's position was frivolous and groundless. We agree that damages are warranted. The bulk of the petition consisted of frivolous contentions including the contention that wages are not income and that petitioner was not an "employee." Petitioner's minor claims for additional expenses and an additional exemption were supported only by vague and uncorroborated testimony. Petitioner was warned before trial that similar cases had resulted in damages under section 6673, yet he persisted in maintaining all arguments, including the argument that wages are not income. He failed to take even the most basic of measures to present to this Court reasonable evidence in support of his claims. We are convinced that petitioner's overwhelming reason for instituting this proceeding was to delay paying his lawful share of taxes.Section 6673 provides that damages are appropriate for proceedings instituted primarily for delay, and petitioner's conduct throughout the course of these proceedings convinces us that his primary purpose *115 was to delay paying taxes. Accordingly, based on the entire record, we award damages in the amount of $2,500. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. * The addition to tax under section 6653(a)(2) is 50 percent of the interest with respect to the portion of the underpayment attributable to negligence. The amount of interest is computed to the date of the assessment of the tax, or if earlier, the date of payment of the tax.↩